United States Courts
Southern District of Texas
FILED

JAN 27 2020

David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| FLORA GREEN, | § | |
|     PLAINTIFF, | § | |
| | § | CIVIL ACTION NO. _____ |
| v. | § | |
| | § | |
| MEGAN J. BRENNAN, | § | |
| POSTMASTER GENERAL, | § | |
| UNITED STATES POSTAL | § | |
| SERVICE, | § | |
|     DEFENDANT. | § | JURY TRIAL DEMANDED |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

**I.   Preliminary Statement**

This is an employment lawsuit for racial discrimination and retaliation in violation of the Civil Rights Act of 1964, as amended (Title VII) and the Texas Commission on Human Rights Act ("TCHRA"), as amended.

**II.   Parties**

1. During all times mentioned in this Complaint, Flora Green ("Plaintiff"), was and is still a United States citizen and a resident of Brazoria County, Texas. Plaintiff is a Black female who engaged in protected activity.

2. During all times mentioned in this Complaint, Plaintiff was formerly employed by Defendant as a Full-Time Distribution Window and Mark Up Clerk at the Lake Jackson, TX, United States Post Office.

3. During all times mentioned in this Complaint, Megan J. Brennan, ("Defendant"), was and still is an individual employed as the United States Postmaster General. The United States

Postal Service is an employer with more than 501 employees and at all times during mentioned in this Complaint has participated in interstate commerce. Defendant may be served through its attorney of record, Yvette K. Bradley, Esq., U.S. Postal Service, Southern Area Law Office, P.O. Box 227078, Dallas, TX 75222-7078.

### III. Jurisdiction

4. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. The United States Postal Service Equal Employment Opportunity ("EEO") issued its final agency decision and right to file a civil action dated October 29, 2019. All conditions precedent to filing this suit have been satisfied.

5. Declaratory, injunctive, and equitable relief is sought pursuant to federal and state statutes.

6. Compensatory damages are sought pursuant to federal and state statutes.

### IV. Venue

7. Venue is proper pursuant to 28 U.S.C. § 1391(b), because the unlawful employment practices and other misconduct were committed in this judicial district.

### V. Factual Allegations

#### Racial Discrimination

8. Plaintiff's race is African American, her color is brown, and her sex is female.

9. On a daily basis, Plaintiff was assigned to parcels without rotation to other jobs. Postmaster Warren Thornton ("Mr. Thornton") advised Supervisor Customer Service Thomasine Coleman ("Ms. Coleman") and supervisors Jimmie Huff, Traci Hull ("Ms. Hull"), and Laura Meuth ("Ms. Meuth") to only place Plaintiff on parcels every day because she was not fast enough for letters or flats.

10. There was a rotation and the rotation were not done when it came to Plaintiff and another employee, Fallon Baugh ("Ms. Baugh"), another Black female. Mr. Thornton advised Plaintiff that she and Ms. Baugh were too slow at flat letters, and that Shawn Khoury, Dawn Hamilton, and Sandy Nichols, all White females, were to sort letters and flats and rotate, while Plaintiff would only be assigned to parcels.

11. On February 28, 2018, when Ms. Hull arrived at Lake Jackson, she told Plaintiff to do flats because they would rotate. However, when Mr. Thornton arrived at work and saw Plaintiff sorting flats, he walked over to her and told her she needed to speed up or he would fire her. The reason given to Plaintiff for not being rotated was that she did not know the scheme to the routes, but Plaintiff disagrees with this reason because the other clerks did not fully know the schemed, either, but they were chosen to sort flats and letters because of the color of their skin and friendship with the supervisor.

12. Plaintiff believes her race was a factor because only she and Ms. Baugh spent time on parcels and her color was a factor because the other white clerks didn't go to parcels. Plaintiff believes her sex was not an issue, but she believes her EEO activity was a factor because she reported management was performing clerk duties.

### Retaliation

13. In August 2017, Plaintiff initiated a prior informal EEO complaint number 4G-770-0179-08, regarding Disciplinary Action Removal, and indicated Robert Autrey as the management official.

14. On August 11, 2017, Ms. Coleman issued Plaintiff a 7-Day Unpaid Leave for not staying after work. Plaintiff was told that she had to stay one hour and 45 minutes after her shift, but she could not stay due to a pre-existing appointment. Plaintiff informed Ms. Coleman

3

she could not stay and was told to bring a letter from the doctor. The reason provided for Plaintiff's suspension was unacceptable work conduct.

15. Plaintiff believes her race was a factor in this issue because Mr. Thornton called her stupid in front of the office staff and all were surprised by the comment. Plaintiff believes her color was a factor because Mr. Thornton is racist and only communicates with White employees. Plaintiff believes her sex was a factor because she is a Black female.

16. From May 7, 2018 through June 18, 2018, Plaintiff was out on sick leave due to stress and had the proper documentation to support her sick leave, but Mr. Thornton, Ms. Coleman, and Ms. Hull failed to put in the time.

17. On May 4, 2018, as Plaintiff was working to close out post office boxes, Mr. Thornton yelled to her at the box section to get a passport. Minutes later, Mr. Thornton was walking quickly in her direction and told Plaintiff "Did you hear me? I told you to get that passport." Plaintiff told Mr. Thornton not to yell at her like that. Plaintiff and Mr. Thornton were face-to-face. Mr. Thornton told Plaintiff to get off his clock right now and she responded that she had clean up time, so she clocked out at 2:30 p.m. However, management took .21 minutes off her time for that day.

18. On May 5, 2018, Plaintiff returned to work at 5:30 a.m. and did not find her timecard. As she was on the phone with Lorena Dunn, union steward ("Ms. Dunn"), Shawn Khoury saw her and rushed to get Mr. Thornton. Ms. Dunn asked Plaintiff why Mr. Thornton was denying her access and Plaintiff informed her that Mr. Thornton did not provide an answer and just told her to get off of his property. Plaintiff tried giving the phone to Mr. Thornton, but he would not talk to Ms. Dunn.

19. Ms. Coleman issued to Plaintiff a 7-Day Suspension. Mr. Thornton was also involved. Plaintiff was provided a Letter of Suspension for "unsatisfactory work performance." The letter also stated that on April 28, 2018, a mandatory yearly audit was performed by Ms. Coleman and it was found that Plaintiff failed to take mail out of P.O. Boxes that had been closed for eleven months and failed to change locks and keys on P.O. Boxes that should have been closed, costing the Postal Service revenue due to the inability to rent those boxes.

20. Plaintiff returned to work on July 2, 2018 from her sick leave. On July 9, 2018, Mr. Thornton returned to work still bullying Plaintiff and on July 12, 2018, after returning from lunch, Ms. Coleman told Plaintiff to do a final count. Plaintiff was told by Ms. Coleman to clean out her money drawer. Ms. Coleman asked Plaintiff to hand over her badge, keys, name plate, and money drawer and walked Plaintiff to the restroom and told her to clean out her locker. Plaintiff refused because no one gave her a reason to vacate the premises, then Mr. Thornton asked Plaintiff if she had left her keys to which she answered yes, and she left the keys and vacated the premises.

21. Plaintiff discovered a letter dated June 21, 2018 addressed to her and issued by Ms. Coleman titled, "Notice of Removal" which stated Plaintiff was being removed from the Postal Service effective Friday, July 27, 2018, for being absent without leave (AWOL). Plaintiff believes she should have been given the letter when Mr. Thornton advised her to get off his property. Plaintiff disagrees with the reasons stated in the letter because she provided the requested medical documentation to support her absences during the period in question to Mr. Thornton, Ms. Coleman, and HRSSC FMLA.

22. Plaintiff believes her race was a factor because Mr. Thornton paid Rachael Jones, a White female, all of her Workers' Compensation in advance and because Rachael Jones was offered a supervisor position for partying while on Workers' Compensation.

23. Plaintiff also believes her race was a factor in this incident because Mr. Thornton thinks all Blacks are stupid and because there is only communication with White employees.

## VI. Causes of Action

24. Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs 8-23 above and incorporates them all here as though fully set forth.

25. Defendant, through her agents, supervisors, or employees created and/or subjected Plaintiff to racial discrimination and retaliation in violation of Title VII and the TCHRA, as amended.

26. Because Plaintiff was discriminated against by her supervisors, Defendant failed to take remedial measures to correct the conduct and is liable under Title VII and the TCHRA, as amended.

27. Because Plaintiff was retaliated against and wrongfully terminated, Defendant violated Title VII and TCHRA, as amended.

28. Plaintiff have suffered damages as a direct result of Defendant's illegal actions.

## VII. Jury Demand

29. Plaintiff demands a jury trial.

## VIII. Prayer

30. WHEREFORE, Plaintiff prays that this Court:
    a. Declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights;
    b. Enter judgment against Defendant;

6

c. Enjoin Defendant from engaging in such conduct;

d. Reinstate Plaintiff or in lieu of reinstatement, order salary and benefits for the period remaining until normal retirement;

e. Award Plaintiff equitable relief of back salary and fringe benefits up to the date of termination and prejudgment interest for that entire period, or front salary and benefits accrual;

f. Award Plaintiff compensatory and punitive damages; and

g. Grant such other relief as it may deem just and proper.

Respectfully submitted,

*Flora Green*

Flora Green, Pro Se Plaintiff